**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| **CEFERINO CRISOSTOMO LOPEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | **NO. 3:20-CV-01073** |
| ) | **JURY DEMANDED** |
| **SADDLER FUNERAL HOME AND** ) | |
| **CREMATORY SERVICES, NELSON** ) | |
| **AND SONS MEMORIAL CHAPEL,** ) | |
| **LLC, STEVIE SADDLER, individually,** ) | |
| **and REID VAN NESS, individually,** ) | |
| ) | |
| **Defendants.** ) | |

<u>**DEFENDANT NELSON & SONS MEMORIAL CHAPEL LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS SECOND MOTION TO DISMISS THE AMENDED COMPLAINT**</u>

Comes now, Nelson & Sons Memorial Chapel LLC (hereinafter "Nelson"), by and through counsel, and hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint. This Motion is filed in response to the Amended Complaint filed by Plaintiff, Ceferino Crisostomo Lopez (hereinafter "Plaintiff")

<u>**FACTS USED IN SUPPORT OF THIS MOTION TO DISMISS ARE USED ONLY FOR THIS PURPOSE AND ARE NOT ADMITTED FOR ANY OTHER PURPOSE.**</u>

I.    <u>**SUMMARY OF ALLEGED FACTS FROM AMENDED COMPLAINT**</u>

This case involves allegations centered around a delay in delivering the Plaintiff's son's body to the deceased's family. (<u>See</u> <u>generally</u> Plaintiff's Amended Complaint filed on 04/01/2021 [hereinafter "Amended Compl."]). Plaintiff's son, Freddy Aroldo Cristostomo Hernandez died in Robertson County, Tennessee on October 20, 2019. (<u>See</u> Amended Complaint at ¶ 13). An agent for Plaintiff, Juan Carlos Alarcon (hereinafter "Mr. Alarcon"), **entered a written contract** *on Defendant Saddler Funeral Home's letterhead* **with Defendant Reid Van Ness (hereinafter "Van Ness")** for his

embalming services and transportation of the body to Plaintiff's family in Guatemala. (See Amended Complaint at ¶ 15). Mr. Alarcon paid Van Ness $4,000.00 in cash, on Plaintiff's behalf, "to properly handle and transport the remains of Freddy to Guatemala". (See Amended Complaint at ¶ 16). Plaintiff alleges Van Ness operated out of both Nelson and Saddler Funeral Homes & Crematory Services (hereinafter "Saddler") and that at times over the six months following the agreement between Van Ness and Alarcon, the deceased's body was withheld and/or stored at both Nelson and Saddler. (See Amended Complaint at ¶ 17). **These claims are false as to Nelson, however, for purposes of this Motion to Dismiss, they are what is claimed in the Pleadings.**

Mr. Alarcon attempted to contact Van Ness many times over a period of months to ask about the shipping of the remains. (See Amended Complaint at ¶ 18). Mr. Alarcon was allegedly provided with false confirmation numbers for the transport of the body via international air carriers on two separate occasions, and Plaintiff relied on this information. (See Amended Complaint at ¶ 19). In December 2019, Plaintiff and family members traveled to Guatemala City to receive the body, but Plaintiff asserts Defendants Van Ness, Nelson, and Saddler failed to deliver the body at this time. (See Amended Complaint at ¶¶ 20, 21). After this happened, Mr. Alarcon contacted **Van Ness** to ask about the body and was told there must have been a mistake and they would check on it. (See Amended Complaint at ¶ 22). Van Ness and/or other representatives of Saddler and Nelson told Mr. Alarcon they would send the body in February 2020. (See Amended Complaint at ¶ 23). As a result, Plaintiff and his family again traveled to Guatemala City to pick up the body. (See Amended Complaint at ¶ 24). However, Plaintiff asserts "Defendants" failed to ship the body in February 2020. (See Amended Complaint at ¶ 25).

Plaintiff asserts Defendants Nelson, Saddler, and Van Ness mishandled and neglected the body for months, in addition to other Latinx remains. (See Amended Complaint at ¶ 27). Plaintiff asserts Van Ness, through both Saddler and Nelson, kept the body for more than six months in which the body began to decay and smell. (See Amended Complaint at ¶ 28). In March 2020, Alarcon, on Plaintiff's behalf, sought assistance from Attorney Eric Lockert to assist with the situation. (See Amended Complaint at ¶ 30). Attorney Lockert contacted the Tennessee State Board of Funeral Directors, Embalmers, and Burial (hereinafter "State Board") on March 5, 2020. (See Amended Complaint at ¶ 31). Plaintiff claims that Freddy's body was located at Nelson's and shipped back to Guatemala. (See Amended Complaint at ¶ 33). **These claims are false as to Nelson.**

The State Board investigated and found Nelson and Saddler both violated board statutes and rules. (See Amended Complaint at ¶ 34). As a result of this investigation, seven (7) bodies were found at Nelson, and eight (8) bodies were found at Saddler. (See Amended Complaint at ¶ 36). One of the bodies the State Board found at Nelson's was Freddy's body. (See Amended Complaint at ¶ 36). **<u>This claim is false and not supported by any facts.</u>** Both Nelson and Saddler entered into consent orders with the State Board based upon violations agreeing upon fines and fees. (See Amended Complaint at ¶ 37). Plaintiff alleges these actions caused Plaintiff and his family extreme emotional distress. (See Amended Complaint at ¶ 41). Plaintiff also alleges he spent considerable funds traveling to Guatemala City multiple times to receive his son's body due to false representations made by Van Ness coupled with the cooperation of Saddler

and Nelson. (See Amended Complaint at ¶ 42). Freddy's body was shipped to Guatemala in March 2020. (See Amended Complaint at ¶ 43).

<u>Plaintiff does not provide any facts in the Amended Complaint asserting that Nelson made any representation to Plaintiff or his agent or that there was any agreement between Nelson and Plaintiff or his agent.</u> Further, no facts exist in the Amended Complaint asserting there was any communication between Plaintiff (or his agent) and Nelson about the services Plaintiff's agent had agreed Van Ness would provide. Additionally, there are no facts that show Nelson knew the race of Plaintiff or intended to discriminate in any way. Overall, no facts exist that show Nelson specifically engaged in the alleged conduct. The facts presented improperly lump all three Defendants together.

There are multiple causes of actions set forth in the Amended Complaint against the Defendants. The facts asserted in the Amended Complaint are insufficient to state a claim for the causes of action Plaintiff has asserted against Nelson as outlined in this Motion. **The Amended Complaint is devoid of specific facts about Nelson's conduct and instead the Plaintiff lumped Nelson in with language like "Defendant(s)".**

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure (hereinafter "Rule") 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides relief in the form of a motion to dismiss when complaints fail to state a claim upon which relief can be granted. See Fed. R. Civ. 12(b)(6). According to the United States Supreme Court, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A plaintiff needs to show the claims asserted are plausible rather than merely possible:

> A claim has facial plausibility when the **plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable** for the misconduct alleged." <u>Id</u>. The plausibility standard is not akin to a "probability requirement," but it **asks for more than a sheer possibility that a defendant has acted unlawfully**. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

<u>Id</u>. (<u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)).

Further, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". <u>Bell Atlantic v. Twombly</u>, 550 U.S. at 555. This means that a pleading **"does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"**. <u>Iqbal</u> at 578 .

Although a complaint need not plead detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u> at 555. Ultimately, **"[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."** <u>League of United Latin American Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir.2007). Here, as illustrated below, the Plaintiff has failed to plead facts sufficient to support any of its causes of action and to survive a motion to dismiss.

## III.  LAW AND ARGUMENT

### A.  The Plaintiff has failed to state a claim under 42 U.S.C § 1981.

Plaintiff has failed to sufficiently plead a cause of action under 42 U.S.C § 1981, by providing facts specific to this Defendant supporting the essential elements required

for this cause of action. Section 1981 states that "[a]ll persons within jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts…as is enjoyed by white citizens…" 42 U.S.C. § 1981. It is first important to note that Plaintiff alleges discrimination based on race _and_ national origin under this cause of action. (See Amended Complaint at ¶ 52). However, Section 1981 does not address the prohibition of discrimination based on national origin – only race. In El-Zabet v. Nissan North America, Inc., the Sixth Circuit Court found the plaintiff failed to state a claim under Section 1981 because he "alleged only discrimination based on national origin, while Section 1981 prohibits only discrimination based on _race_." El-Zabet v. Nissan N. Am., Inc., 211 F. App'x 460, 462 (6th Cir. 2006). The Court explained that "[e]ven though Section 1981 does not use the word "race", the Supreme Court has held that it prohibits only racial discrimination, not discrimination based "solely on the place or nation of [ ] origin." Id. (citing Saint Francis Coll. v. Al–Khazraji, 481 U.S. 604 (1987) (See also Ana Leon T. v. Fed. Reserve Bank of Chicago, 823 F.2d 928, 931 (6th Cir. 1987) ("It is well-settled that § 1981 redresses _only racial discrimination_.") Therefore, because Section 1981 addresses discrimination based on race and not national origin, Plaintiff has improperly pled a claim of national origin discrimination under Section 1981.

Turning to the requirements to properly assert a claim of race discrimination under Section 1981, the Sixth Circuit has stated the following:

> In order to establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) he **belongs to an identifiable class** of persons who are subject to discrimination based on their race; (2) the **defendant intended to discriminate** against him _on the basis of race_; and (3) the defendant's **discriminatory conduct abridged a right enumerated in section 1981(a).**

Amini v. Oberlin Coll., 440 F.3d 350, 358 (6th Cir. 2006). Plaintiff has not pled sufficient facts to support these elements that are necessary to show Nelson engaged in unlawful discrimination against Plaintiff based on Plaintiff's race.

### Plaintiff has failed to plead facts that Nelson intended to discriminate against Plaintiff on the basis of Plaintiff's race.

A Tennessee federal court has found that "[t]o state a claim under § 1981, a plaintiff must plead, among other things, that he belongs to an identifiable class of persons who are subject to discrimination based on their race ***and*** that the defendant intended to discriminate against him on the basis of race." Young v. FedEx Employees Credit Ass'n, No. 19-CV-2313-TLP-TMP, 2019 WL 7669173, at *6 (W.D. Tenn. Sept. 17, 2019), report and recommendation adopted sub nom. Young v. FedEx Employees Credit Assoc., No. 219CV02313TLPTMP, 2019 WL 5268564 (W.D. Tenn. Oct. 17, 2019). Based on these requirements, the Court held the following:

> [Plaintiff]'s Complaint fails to state a claim under § 1981 because it does not contain any specific factual allegations of discrimination, let alone *intentional* discrimination, based on her race. [Plaintiff]'s Complaint designates race discrimination as the basis for her suit but fails to identify any actual instances of racial discrimination. Accordingly, [Plaintiff]'s Complaint fails to plausibly allege a § 1981 claim.

Id. Further, an important 2020 ruling by the United States Supreme Court found that in § 1981 claims, **"a plaintiff bears the burden of showing that race was a but-for cause of its injury."** Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1014–15, 206 L. Ed. 2d 356 (2020).

Plaintiff asserts he is part of a class of persons subject to discrimination on the basis of race – the Latinx community – but he sets forth zero facts claiming he was discriminated on the basis of being part of this group. Plaintiff failed to plead Nelson

*intended* to discriminate against Plaintiff on the basis of Plaintiff's race. Further, Plaintiff failed to show that an injury would not have occurred "but for" racial prejudice. There are no facts claiming Nelson and/or its representatives/employees knew Plaintiff and his deceased son were Hispanic. Further, there are no facts claiming Plaintiff and/or his agent ever revealed or said anything at all to Nelson about race during the contact Plaintiff alleges it had with Nelson. There are no facts pled asserting Nelson ever inquired about the body's race or national origin or that it took note of the same.

The Sixth Circuit has found "the 'intent' element of the claim can be established either by direct evidence or inferentially". <u>Amini v. Oberlin Coll.</u>, 440 F.3d 350, 358 (6th Cir. 2006). Plaintiff has not set forth any facts that support the intent element in either fashion. Plaintiff has not asserted any facts supporting Nelson knew Plaintiff and/or his son's race or that Nelson intended to discriminate on the basis of race. There are absolutely no facts that establish an intent to discriminate based on actual claimed actions of Nelson related to race and discrimination. There can be no intentional discrimination on the basis of race when there is no knowledge of the person's race.

Plaintiff is essentially asserting that because Plaintiff's son was Latinx and something went wrong with delivering the body - that things went wrong intentionally and because of race. Plaintiff has made this blanket statement and drawn his own conclusions without providing factual support. Plaintiff has failed to plead any facts that support its claim Nelson treated the body worse than Nelson treated non-Latinx bodies. Further, Plaintiff has not pled any facts claiming Nelson made any derogatory comments about race. There are simply no facts to support these broad assertions of racial discrimination.

**B.** **Plaintiff has failed to state a claim under 42 U.S.C § 1985.**

Plaintiff has failed to specifically plead a claim under 42 U.S.C § 1985. The Plaintiff in Young attempted to assert a claim under § 1985 of conspiracy to deprive her of the right to equal protection. Young v. FedEx Employees Credit Ass'n, at *6. The Court found that "[t]o sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it." Id. (internal citations omitted) (See also Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tennessee by & through Traffic & Parking Comm'n, 805 F. App'x 379, 384 (6th Cir. 2020) ("[a] claimant must prove both membership in a protected class *and* discrimination on account of it."). "In other words, there must be proof of some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Id. (internal quotations omitted). Therefore, the Tennessee federal court held the following:

> [Plaintiff]'s Complaint fails to state a claim under § 1985 for the same reason it fails to state a claim under § 1981. **The complaint simply does not contain any specific factual allegations of any discrimination, let alone discrimination based on [Plaintiff]'s race or class.** Accordingly, [Plaintiff]'s complaint fails to plausibly allege a § 1985 claim.

Id. Just like the Plaintiff in Young failed to provide factual allegations of discrimination on the basis of her race or class, Plaintiff here failed to provide facts asserting discrimination on the basis of race. Therefore, just as the court in Young found the complaint failed to state a claim, Plaintiff's Amended Complaint here also fails to state a claim.

Further, the Sixth Circuit has addressed the conspiracy portion of a Section 1985 claim and found that the following requirements must be present to prove such a claim.

> In order to establish a claim for conspiracy under § 1985(3), a plaintiff must plead and prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protections of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his

person or property or deprived of any right or privilege of a citizen of the United States.

Hogrobrooks v. Wells Fargo Bank, N.A., No. 19-5609, 2020 WL 7231501, at *2 (6th Cir. June 9, 2020). Plaintiff has not asserted facts that support these elements. Again, Plaintiff has not set forth facts that he was discriminated against on the basis of his race.

Further, the Sixth Circuit upheld dismissal of a Plaintiff's claim in Oliver v. Lexington Fayette Urban County Government based on a similar failure to plead:

> The district court also did not err in dismissing Oliver's § 1985(3) claim. Aside from [Plaintiff]'s bare, vague, and conclusory assertions of a conspiracy, she alleged no facts that would lead to an inference that any of the defendants were involved in a conspiracy to deprive her of any constitutional right.

Oliver v. Lexington Fayette Urban Cty. Gov't, No. 20-5639, 2020 WL 7346025, at *3 (6th Cir. Oct. 16, 2020). Similarly, Plaintiff here has alleged no facts that would lead to any inference Nelson was involved in a conspiracy to deprive Plaintiff of any right it has under Section 1985. The claims in Amended Complaint Paragraph No. 81 and 82 simply provide broad conclusory claims of a "conspiracy" without any facts to support the claim. Simply citing elements of a claim, with no facts, is not sufficient to support a claim. Therefore, Plaintiff has failed to adequately plead sufficient facts to support this cause of action.

Further, Plaintiff lumps all the Defendants together with the allegation that "Defendants'" collusion and conspiracy were fundamental to the fraud perpetuated on Plaintiff. (See Amended Complaint at ¶ 81). In doing so, Plaintiff does not specify which Defendant(s) it is asserting engaged in such conduct. Federal courts have found that "**[s]uch a vague and conclusory claim that…lumps all defendants together is plainly insufficient under the pleadings requirements of Federal Rule of Civil Procedure 8.**" Grant v. WMC Mortg. Corp., No. CIV2101117WBSKJN, 2010 WL 2509415, at *3 (E.D.

Cal. June 17, 2010). The Court in <u>Grant</u> granted the defendant's Motion to Dismiss the plaintiff's claim as a result of this lumping. <u>Id</u>. (<u>See also</u> <u>Rivera-Nazario v. Corporacion del Fondo del Seguro del Estado</u> (D.P.R. Sept. 9, 2015) ("Plaintiffs were not allowed to lump Defendants together without pleading individualized facts.") Without specifying which defendant allegedly engaged in an act of discrimination there is no way to know which of the three defendants Plaintiff alleges engaged in such conduct. This is a failure to adequately plead facts to support this allegation.

### C.    <u>Plaintiff has failed to state a claim for intentional infliction of emotional distress.</u>

Plaintiff has failed to plead specific facts for an intentional infliction of emotion distress claim. To sufficiently plead this cause of action, Plaintiff must do the following:

> To establish an intentional infliction of emotional distress claim under Tennessee law, [Plaintiff] must sufficiently allege that [Defendant]'s conduct was **(1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury** to her.

<u>Sharpe v. Corecivic of Tennessee, LLC</u>, No. 3:20-CV-00122, 2020 WL 6273919, at *2 (M.D. Tenn. Oct. 26, 2020) (internal citations omitted).

### 1.    **Plaintiff has failed to plead Nelson's conduct was intentional or reckless.**

Plaintiff has asserted no facts to support that Nelson engaged in intentional or reckless conduct. Plaintiff merely recites the required elements of this tort and does not go beyond that by providing any facts supporting Nelson engaged in any intentional or reckless conduct. Plaintiff asserts a blanket statement that transportation of the body was not done for a period of six months after Plaintiff died in October 2019 but does not assert facts that specifically assert Nelson had the body in its possession for any specific period of time. (<u>See</u> Amended Complaint at ¶¶ 84, 88). Plaintiff asserted no facts that Nelson

had the body for any longer than a few days in March 2020 or that Nelson mishandled the body in any way. The lumping of the Defendants together is completely inappropriate in a complicated case like this with broad, conclusory, non-specific facts asserted in the Complaint. Therefore, Plaintiff has not asserted sufficient facts to support this claim.

### 2. Plaintiff has failed to plead Nelson's conduct was so outrageous to not be tolerated by civilized society.

Plaintiff has not pled any facts to support that Nelson engaged in outrageous conduct. This Court has emphasized "it is not sufficient that a defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress." Sharpe v. Corecivic of Tennessee, LLC, at *2 (M.D. Tenn. Oct. 26, 2020). Rather, "a plaintiff must show that the defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (citation and internal quotation marks omitted). Therefore, "[t]he standard for outrageous conduct is high, indeed, and cases finding conduct sufficient to support an intentional infliction of emotional distress claim are few and far between." Id. (internal citations omitted). The assertions in the Amended Complaint are not that Nelson mistreated or desecrated the body, instead, this is a dispute about the alleged delay of the delivery of a body overseas. These are not facts that support the required element of "outrageous conduct" necessary to support an IIED claim. Again, Plaintiff has asserted no facts that Nelson **acted with any intent** to inflict emotional distress on Plaintiff or that any conduct was so outrageous and extreme to support the second element of this tort.

### 3. Plaintiff has failed to plead that Nelson's conduct resulted in serious mental injury to Plaintiff.

Tennessee federal courts have found that "both actions for intentional infliction of emotional distress and negligent infliction of emotional distress…require an identical element: a showing that the plaintiff suffered a serious mental injury resulting from the defendant's conduct." <u>Capps v. Cremation Options, Inc.</u>, No. 3:12-CV-545-TAV-HBG, 2016 WL 123425, at *4 (E.D. Tenn. Jan. 11, 2016). In <u>Capps</u>, the plaintiffs alleged after learning their father was cremated, they "immediately experienced profound and severe pain, anguish, grief, sorrow, and outrage" caused primarily due to their personal and religious convictions regarding cremation. <u>Id</u>. The plaintiffs asserted they continued to feel "severe pain, anguish, grief, sorrow, and outrage," and it is "rare" to not have "some moment of suffering" each day. <u>Id</u>. Even with these specific facts asserted, the Court found "plaintiffs have not demonstrated that they have suffered any significant impairment in their daily lives resulting from the alleged outrageous conduct of defendant." Therefore, the Court dismissed their claims. <u>Id</u>. at *6 (E.D. Tenn. Jan. 11, 2016).

Plaintiff has asserted **<u>no facts to support that it suffered severe mental injury or that any mental injury was a result of any actions of Nelson</u>**. Therefore, Plaintiff has not provided the required facts to support the third element of this tort.

**D.** **<u>Plaintiff has failed to plead a breach of contract or breach of implied contract claim.</u>**

Plaintiff has failed to plead facts that support an essential element of a breach of contract action. The essential elements are as follows:

> Under Tennessee law, "[t]he essential elements of any breach of contract *942 claim include **(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract.**" *Rogers,* 2011 WL 2112766, at *5 (citation omitted).

Evans v. Walgreen Co., 813 F. Supp. 2d 897, 941–42 (W.D. Tenn. 2011), aff'd, 559 F. App'x 508 (6th Cir. 2014). Plaintiff has also failed to plead facts that support a breach of an implied contract claim. The essential elements for such a claim are as follows:

> **[a] benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, the acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment** of the value thereof. The most significant requirement for a recovery is that the enrichment to the defendant be unjust.

Aldridge v. City of Memphis, 2007 WL 4570881, at *5 (W.D. Tenn. Dec. 27, 2007).

### 1. Plaintiff has failed to plead that there was any existence of a valid and enforceable contract between Plaintiff and Nelson.

A breach of contract action against Nelson simply does not make any sense given the facts asserted in this case. There is no contract between Plaintiff and Nelson. In fact, the alleged contract was not even with Plaintiff **but instead was with Defendant Van Ness on "Defendant Saddler Funeral Home's letterhead".** (See Amended Complaint at ¶ 15). The contract Plaintiff refers to throughout the Amended Complaint is between an alleged non-party, Alcaron, acting on Plaintiff's behalf, and Van Ness, the embalmer and/or Saddler – **not with Nelson**. (See Amended Complaint at ¶ 15). There is no pled connection between Van Ness's contract with Alcaron/Plaintiff and Nelson because there is no connection. Nelson was not remotely involved with anything having to do with any contract related to this body. The Plaintiff knows this and therefore pled no supporting facts. (See Amended Complaint at ¶ 15).

Similarly, there is no contract implied in fact between Plaintiff and Nelson. This Court has found "it is well established that to have a contract implied in fact, there must have been a mutual agreement between the parties; that is, there must be either circumstances or conduct from which it can be inferred that the parties had a meeting of

the minds". <u>Judd v. Heitman</u>, 402 F. Supp. 929, 933 (M.D. Tenn. 1975). Plaintiff has not pled any facts establishing any mutual agreement whatsoever between Nelson and Plaintiff. Therefore, there are no facts or circumstances pled in the Amended Complaint in which meeting of the minds between Plaintiff and Nelson can be inferred at all. As a result, Plaintiff has failed to plead facts to support an implied contract in fact claim.

Further, Plaintiff again improperly groups all the defendants together in his Amended Complaint. (<u>See</u> Amended Complaint at ¶¶ 100, 101). Plaintiff cannot lump together all the defendants without specifying which defendant did what. Plaintiff repeatedly states that "Defendants" participated in one action or another - but grouping defendants like this fails to specify which defendant purportedly took part in each action.

### 2. Plaintiff has failed to plead there was any nonperformance amounting to a breach.

There can be no breach of a contract that does not exist. Again, there was no contract between Plaintiff and Nelson to breach. (<u>See</u> Amended Complaint at ¶ 15). Even if Plaintiff had pled Nelson was part of a contract with Plaintiff, Plaintiff has not pled any facts that there was any nonperformance by Nelson that amounted to a breach. The body was shipped. (<u>See</u> Amended Complaint at ¶ 33). Therefore, there have been no facts pled that there was any on Nelson's part that amounted to nonperformance or a breach.

### 3. Plaintiff has failed to plead that a breach by this Defendant caused any damages to Plaintiff.

Finally, Plaintiff has failed to plead any facts showing a breach by Nelson caused damages to Plaintiff. Again, there was no contract with Plaintiff for Nelson to even breach. (<u>See</u> Amended Complaint at ¶ 15). However, even if there was a contract between them and that contract was breached, Plaintiff still failed to plead that a breach by Nelson

caused Plaintiff damage. First, Plaintiff again lumped all "Defendants" together when it asserted "[a]s a result of Defendants' breach of contract, Plaintiff has suffered damages". (See Amended Complaint at ¶ 101). It is improper to lump all the Defendants together. Plaintiff does not specify any facts about damages in the Amended Complaint that Nelson (specifically) caused Plaintiff. There are absolutely no facts pled asserting Nelson breached the contract and caused damages to Plaintiff as a result of a breach.

### E. Plaintiff has failed to plead the facts necessary for a Tennessee Consumer Protect Action cause of action.

Plaintiff has failed to state a claim for violations of the TCPA. Plaintiff does not even specify the sections of the TCPA it alleges Nelson violated, so Nelson cannot be certain which parts of the Act it even needs to defend. Tenn. Code Ann. § 47-18-104(b) addresses that certain unfair or deceptive acts or practices are unlawful and in violation of the Act. It lists thirty-one acts that fall under this statute. There is no way for Nelson to know which of the thirty-one acts on this list Plaintiff is asserting Nelson violated. This is a very long list for Nelson to have to guess what is being asserted against it.

Based on Plaintiff's assertions in the Amended Complaint that "Defendants Saddler, Nelson, and Van Ness fraudulently and deceptively represented their services to properly handle and return the body", Nelson can only guess that Plaintiff *might* be referring to Tenn. Code Ann. 47-18-104(b)(7), which lists "(7) Representing that goods or services are of a particular standard, quality or grade" as a deceptive act. Tenn. Code. Ann 47-18-104(b)(7).

However, Plaintiff not only failed to assert which section of the TCPA Nelson purportedly violated but also failed to provide facts that support any violations of the Act. For instance, this section of the TCPA requires a defendant to make a deceptive

representation that its services are of a certain quality. Nelson did not make *any* representations to Plaintiff about its services. Plaintiff's agent, Mr. Alcaron, discussed services with Van Ness and made a contract with Van Ness. (<u>See</u> Amended Complaint at ¶¶ 15, 16). There are no alleged specific misrepresentations made or identified in the Amended Complaint. This is because Plaintiff knows Nelson never talked to Plaintiff. Plaintiff asserts that his agent, Alarcon, tried to contact Van Ness for months to ask about the body shipment, that Alarcon was given false confirmation numbers for the transport, and that Alarcon contacted Van Ness to ask about the body. (<u>See</u> Amended Complaint at ¶¶ 18-19, 22). These are all instances of representations made to Plaintiff and/or his agent that do not reference Nelson at all. This is because Nelson was not involved. Without making any representation to Plaintiff at all, it is not possible for Nelson to have made a deceptive representation. Therefore, Plaintiff has failed to set forth sufficient facts to support its claim that Nelson violated the TCPA.

## F.  <u>Plaintiff has failed to state a claim for breach of fiduciary.</u>

Plaintiff has failed to state a claim for breach of fiduciary duty. To survive a motion to dismiss, a plaintiff must specify facts to support the following elements of this claim:

> In order to recover for breach of fiduciary duty, a plaintiff must establish: **(1) a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach.**

<u>Great Am. Opportunities, Inc. v. Cherry Bros., LLC</u>, No. 3:17-CV-1022, 2018 WL 418567, at *8 (M.D. Tenn. Jan. 16, 2018) (internal citations omitted).

**The Plaintiff has failed to plead there was any fiduciary relationship between Plaintiff and Nelson.**

Plaintiff has failed to plead facts that a fiduciary relationship existed between Plaintiff and Nelson. There are certain requirements for a relationship to be considered a fiduciary relationship. "A fiduciary relationship has been defined as one founded on trust or confidence reposed by one Person in the integrity and fidelity of another." Power & Tel. Supply Co. v. Suntrust Banks, Inc., No. 03-2217 M1/V, 2005 WL 1329538, at *3 (W.D. Tenn. May 10, 2005) (internal citations omitted). Further, "[f]iduciary duties constitute the highest standard of duty imposed by law. Id. Additionally, "[f]iduciary relationships may arise whenever confidence is reposed by one party in another who exercises dominion and influence." Bridgestone Am.'s, Inc. v. Int'l Bus. Machines Corp., 172 F. Supp. 3d 1007, 1014–15 (M.D. Tenn. 2016) (internal citations omitted).

Plaintiff has not pled any facts to support he had a relationship with Nelson. Mr. Alarcon engaged Van Ness to handle funeral arrangements, embalming, and shipping the body in October 2019. (See Amended Complaint at ¶¶ 15, 16). Alarcon did not engage Nelson to do anything. (See Amended Complaint at ¶¶ 15, 16). Alarcon is not even a party in this case. In no instance did Plaintiff place trust or confidence in Nelson to perform any action. (See Amended Complaint at ¶¶ 15, 16). There are no facts in the Amended Complaint to support a fiduciary relationship existed between Plaintiff and Nelson.

### G.   Plaintiff has failed to state a claim for intentional misrepresentation.

Plaintiff has failed to state a claim for intentional misrepresentation. To survive a motion to dismiss, a plaintiff must specify facts to support the following elements of an intentional misrepresentation claim:

To recover for intentional misrepresentation, a plaintiff must prove:
(1) that the defendant made a representation of a present or past fact;
(2) that the representation was false when it was made;
(3) that the representation involved a material fact;

(4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false;

(5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and

(6) that the plaintiff sustained damages as a result of the representation.

Harden v. U.S. Bank Nat'l Ass'n for the Holders of the Citigroup Mortg. Loan Tr., Inc., No. 215CV02438STATMP, 2016 WL 6208610, at *3 (W.D. Tenn. Oct. 24, 2016).

**The Plaintiff has failed to plead Nelson made any representation of an existing or past fact.**

Plaintiff has not pled that Nelson made any representation of any existing or past fact to Plaintiff. (See Amended Complaint at ¶¶ 15-16, 18-19, 22). Plaintiff has not asserted any facts that he or his agent had any agreements, dealings or contracts with Plaintiff. Van Ness dealt with Plaintiff, but Nelson did not. (See Amended Complaint at ¶¶ 15-16). As a result, Nelson did not even have an opportunity to make any representations of any facts to Plaintiff. Further, Plaintiff does not identify what misrepresentation Nelson purportedly made or that Nelson knew any representation was false. The Amended Complaint is devoid of facts to support Nelson made any misrepresentation of fact.

**H. Plaintiff has failed to state a cause of action against Nelson for mishandling of remains/interference with dead bodies because Plaintiff has failed to plead facts to support the claim.**

Plaintiff has failed to state a claim for mishandling of remains/interference with dead bodies. The guidelines are addressed in Section 868 of the Restatement (Second) of Torts and include the following:

§ 868. Interference With Dead Bodies

One who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation *158 is subject to liability to a member of the family

of the deceased who is entitled to the disposition of the body.

Crawford v. J. Avery Bryan Funeral Home, Inc., 253 S.W.3d 149, 157–58 (Tenn. Ct. App. 2007). The Court of Appeals of Tennessee also found some of the comments to section 868 to be instructive:

> Comment: a. One who is entitled to the disposition of the body of a deceased person has a cause of action in tort against one who intentionally, recklessly or negligently mistreats or improperly deals with the body, or prevents its proper burial or cremation. The technical basis of the cause of action is the interference with the exclusive right of control of the body…

Id. at 158. The Court noted that "[s]everal jurisdictions have either followed the Restatement (Second) of Torts § 868, or have reached the same result based on that particular jurisdiction's law." Id.

Plaintiff must assert facts supporting that Nelson intentionally, recklessly, or negligently withheld the body or prevented its proper burial. First, Plaintiff once again grouped all defendants together by asserting that "Defendants" took certain actions. Again, Plaintiff cannot lump together all defendants without specifying which defendant Plaintiff asserts took a particular action. There is no way to know which actions Plaintiff asserts each defendant participated in with the way the Amended Complaint is drafted.

Second, Plaintiff asserts no facts that Nelson intentionally, recklessly, or negligently withheld the body or prevented its burial. Plaintiff has not asserted any facts that support its blanket assertion that Nelson prevented burial of the body or did anything to get in the way of the body being shipped to its destination. Therefore, Plaintiff has failed to plead sufficient facts to supports its claim that Nelson mishandling the remains or interfered with the dead body.

Respectfully submitted,

  s/Jason A. Lee
**JASON A. LEE**
Registration No:  22890
**ALLY D. HARGETT**
Registration No: 36818
Attorneys for Defendant, Nelson and Sons Memorial Chapel, LLC

**BURROW LEE, PLLC**
611 Commerce Street, Suite 2603
Nashville, TN  37203
Main: (615) 540-1005
Direct: (615) 540-1004
jlee@burrowlee.com
ahargett@burrowlee.com

FE Nelson Lopez MTD 2nd Memo ISO 210419

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2021, a true and correct copy of the foregoing document has been sent via the Court's CM/ECF system, and/or first class United States mail, postage prepaid, addressed to:

John H. Morris
Nashville Vanguard Law, PLLC
Parkway Towers, Suite 102
202 James Robertson Parkway
Nashville, TN 37219

Andrew S. Lockert
Lockert Legal LLC
112 Frey Street
Ashland City, TN 37015

Andrew Grams
Christen C. Blackburn
Lewis Thomason, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219

Eric Lockert, Esq.
Lockert, Hamlin & Hamlin PLLC
112 Frey Street
Ashland City, TN 37015

Reid Van Ness
420 Walton Lane, Unit J46
Madison, TN 37115

                                          s/ Jason A. Lee
                                          **JASON A. LEE**
                                          **ALLY D. HARGETT**