**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CEFERINO CRISOSTOMO LOPEZ,** | ) | **No.: 3:20-cv-1073** |
| | ) | **Chief Judge Crenshaw** |
| **Plaintiff,** | ) | **Magistrate Judge Frensley** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SADDLER FUNERAL HOME AND** | ) | |
| **CREMATORY SERVICES,** | ) | |
| **NELSON AND SONS MEMORIAL** | ) | |
| **CHAPEL, LLC, STEVIE SADDLER,** | ) | |
| **individually and** | ) | |
| **REID VAN NESS, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ANSWER OF SADDLER FUNERAL HOME AND CREMATORY SERVICES AND
STEVIE SADDLER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

COMES the Defendants, SADDLER FUNERAL HOME AND CREMATORY SERVICES AND STEVIE SADDLER, (hereinafter "**Saddler Defendants**"), by and through counsel, and in response to the complaint filed against them would state as follows:

<u>**INTRODUCTION**</u>

1.      The statements contained in paragraph 1 of Plaintiff's First Amended Complaint require no response of these Defendants, however, to the extent any response is required, the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint are denied.

2.      It is admitted that Plaintiff has a legal interest in his son's remains. The remaining allegations contained in paragraph 2 of Plaintiff's First Amended Complaint are denied.

<u>**JURISDICTION AND VENUE**</u>

3.      It is admitted that this Court has jurisdiction over this lawsuit.

4.     It is admitted that this Court has jurisdiction over this lawsuit.

5.     It is admitted that this Court has jurisdiction over this lawsuit.

6.     It is admitted that this Court has jurisdiction over this lawsuit.

7.     It is admitted that this Court is the proper venue.

**PARTIES**

8.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     It is admitted that Reid Van Ness was a licensed embalmer and funeral director. Upon information and belief, it is further admitted that he is a citizen of Tennessee and that he voluntarily surrendered his license as a licensed funeral director and embalmer. It is further admitted that Reid Van Ness's actions were investigated by the State of Tennessee Board of Funeral Directors and Embalmers. The remaining allegations contained in paragraph 12 of Plaintiff's First Amended Complaint are denied as stated.

**FACTUAL ALLEGATIONS**

13.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.

14.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

15.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint,

although it is admitted that these Defendants have learned that Defendant Van Ness used Saddler Funeral Home's contract form.

16.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17.     It is admitted that Defendant Van Ness performed funeral services at Saddler Defendants' funeral home.  It is denied that Saddler was a party to any agreement with Plaintiff. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21.     The allegations contained in paragraph 21 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.

23.     The allegations contained in paragraph 23 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.  These Defendants lack knowledge or information sufficient

3

to form a belief about the truth of the remaining allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

24.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.

25.     The allegations contained in paragraph 25 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

27.     The allegations contained in paragraph 27 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28.     The allegations contained in paragraph 28 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

30.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32.     The allegations contained in paragraph 32 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34.     It is admitted that an investigation was conducted by the State Board and violations were found.  The remaining allegations contained in paragraph 34 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.

35.      The allegations contained in paragraph 35 of Plaintiff's First Amended Complaint are denied as to Saddler Defendants.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 35 of Plaintiff's First Amended Complaint.

36.     It is admitted that penalties were assessed by the State Board. The remaining allegations contained in paragraph 36 of Plaintiff's First Amended Complaint are denied as stated as to Saddler Defendants.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37.     It is admitted that Saddler Defendants entered into a consent order as a compromise and settlement with the State Board as to certain violations, but denies that the consent order as to Saddler was in any way related to Plaintiff or Freddy Hernandez.  These

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

38.     Admitted upon information and belief.

39.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of Plaintiff's First Amended Complaint.

40.     It is admitted that Saddler Defendants entered into a consent order as a compromise and settlement with the State Board as to certain violations, but denies that the consent order as to Saddler was in any way related to Plaintiff or Freddy Hernandez. These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40 of Plaintiff's First Amended Complaint.

41.     It is denied that any actions or omissions of Saddler Defendants caused emotional distress to Plaintiff.

42.     It is denied that Saddler Defendants made any representations to Plaintiff.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

43.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of Plaintiff's First Amended Complaint.

44.     It is admitted that Saddler Defendants entered into a consent order as a compromise and settlement with the State Board as to certain violations, but denies that the consent order as to Saddler was in any way related to Plaintiff or Freddy Hernandez.  These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of Plaintiff's First Amended Complaint.

45.     Denied.

46.     It is admitted that the Tennessee State Board of Funeral Directors and Embalmers alleged Saddler violated Tenn. Comp. R. & Regs. 0660-11-.05, but denies that the State Board's allegations as to Saddler Defendants were in any way related to Plaintiff or Freddy Hernandez. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of Plaintiff's First Amended Complaint.

47.     It is admitted that the Tennessee State Board of Funeral Directors and Embalmers alleged Saddler violated Tennessee Code Annotated § 68-3-313, but denies that the State Board's allegations as to Saddler Defendants were in any way related to Plaintiff or Freddy Hernandez. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 47 of Plaintiff's First Amended Complaint.

48.     It is admitted that the Tennessee State Board of Funeral Directors and Embalmers alleged Saddler violated Tenn. Comp. R. & Regs. 0660-11-.03, but denies that the State Board's allegations as to Saddler Defendants were in any way related to Plaintiff or Freddy Hernandez. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of Plaintiff's First Amended Complaint.

49.     It is admitted that the Tennessee State Board of Funeral Directors and Embalmers alleged Saddler violated Tenn. Comp. R. & Regs. 0660-11-.07, but denies that the State Board's allegations as to Saddler Defendants were in any way related to Plaintiff or Freddy Hernandez. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49 of Plaintiff's First Amended Complaint.

50.     It is admitted that the Tennessee State Board of Funeral Directors and Embalmers alleged Saddler violated Tennessee Code Annotated § 68-3-313, but denies that the State Board's

7

allegations as to Saddler Defendants were in any way related to Plaintiff or Freddy Hernandez. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of Plaintiff's First Amended Complaint.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1981

51.     Defendants hereby incorporate their responses to paragraphs 1 through 50 of Plaintiff's First Amended Complaint as if recited verbatim herein.

52.     As to Saddler Defendants, the allegations contained in paragraph 52 of Plaintiff's First Amended Complaint are denied.

53.     As to Saddler Defendants, the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint are denied.

54.     As to Saddler Defendants, the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint are denied.

55.     As to Saddler Defendants, the allegations contained in paragraph 55 of Plaintiff's First Amended Complaint are denied.

56.     As to Saddler Defendants, the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint are denied.

57.     As to Saddler Defendants, the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint are denied.

58.     As to Saddler Defendants, the allegations contained in paragraph 58 of Plaintiff's First Amended Complaint are denied.

59.     The allegations contained in paragraph 59 of Plaintiff's First Amended Complaint are denied.

60.     As to Saddler Defendants, the allegations contained in paragraph 60 of Plaintiff's First Amended Complaint are denied.

61.     It is admitted that Bryan Ayala's body was at Saddler Funeral Home.  The remaining allegations contained in paragraph 61 of Plaintiff's First Amended Complaint are denied.

62.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 62 of Plaintiff's First Amended Complaint.

63.     It is admitted that Bryan Ayala's body was at Saddler Funeral Home. These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint.

64.     The allegations contained in paragraph 64 of Plaintiff's First Amended Complaint are denied as stated.

65.     Admitted.

66.     The   allegations contained in   paragraph 66 of   Plaintiff's   First   Amended Complaint are not directed to these Defendants and require no response of these Defendants.

67.     The allegations contained in paragraph 67 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

68.     The allegations contained in paragraph 68 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

69.     The allegations contained in paragraph 69 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

70.     The allegations contained in paragraph 70 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

71.    As to Saddler Defendants, the allegations contained in paragraph 71 of Plaintiff's First Amended Complaint are denied.

72.    As to Saddler Defendants, the allegations contained in paragraph 72 of Plaintiff's First Amended Complaint are denied.

73.    As to Saddler Defendants, the allegations contained in paragraph 73 of Plaintiff's First Amended Complaint are denied.

74.    The allegations contained in paragraph 74 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

75.    These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of Plaintiff's First Amended Complaint.

76.    As to Saddler Defendants, the allegations contained in paragraph 76 of Plaintiff's First Amended Complaint are denied.

77.    As to Saddler Defendants, the allegations contained in paragraph 77 of Plaintiff's First Amended Complaint are denied.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1985

78.    Defendants hereby incorporate their responses to paragraphs 1 through 77 of Plaintiff's First Amended Complaint as if recited verbatim herein.

79.    As to Saddler Defendants, the allegations contained in paragraph 79 of Plaintiff's First Amended Complaint are denied.

80.    As to Saddler Defendants, the allegations contained in paragraph 80 of Plaintiff's First Amended Complaint are denied.

81.    Denied.

82.     Denied.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83.     Defendants hereby incorporate their responses to paragraphs 1 through 82 of Plaintiff's First Amended Complaint as if recited verbatim herein.

84.     As to Saddler Defendants, the allegations contained in paragraph 84 of Plaintiff's First Amended Complaint are denied.

85.     As to Saddler Defendants, the allegations contained in paragraph 85 of Plaintiff's First Amended Complaint are denied.

86.     As to Saddler Defendants, the allegations contained in paragraph 86 of Plaintiff's First Amended Complaint are denied.

87.     As to Saddler Defendants, the allegations contained in paragraph 87 of Plaintiff's First Amended Complaint are denied.

88.     As to Saddler Defendants, the allegations contained in paragraph 88 of Plaintiff's First Amended Complaint are denied.

89.     The allegations contained in paragraph 89 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

90.     Denied.

91.     The allegations contained in paragraph 91 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

92.     As to Saddler Defendants, the allegations contained in paragraph 92 of Plaintiff's First Amended Complaint are denied.

93.     These Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 93 of Plaintiff's First Amended Complaint, and therefore these allegations are denied.

94.     As to Saddler Defendants, the allegations contained in paragraph 94 of Plaintiff's First Amended Complaint are denied.

## FOURTH CAUSE OF ACTION
BREACH OF CONTRACT/BREACH OF IMPLIED CONTRACT IN FACT

95.     Defendants hereby incorporate their responses to paragraphs 1 through 94 of Plaintiff's First Amended Complaint as if recited verbatim herein.

96.     As to Saddler Defendants, the allegations contained in paragraph 96 of Plaintiff's First Amended Complaint are denied.

97.     As to Saddler Defendants, the allegations contained in paragraph 97 of Plaintiff's First Amended Complaint are denied.

98.     As to Saddler Defendants, the allegations contained in paragraph 98 of Plaintiff's First Amended Complaint are denied.

99.     The allegations contained in paragraph 99 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

100.    As to Saddler Defendants, the allegations contained in paragraph 100 of Plaintiff's First Amended Complaint are denied.

101.    As to Saddler Defendants, the allegations contained in paragraph 101 of Plaintiff's First Amended Complaint are denied.

102.    As to Saddler Defendants, the allegations contained in paragraph 102 of Plaintiff's First Amended Complaint are denied.

103.     As to Saddler Defendants, the allegations contained in paragraph 103 of Plaintiff's First Amended Complaint are denied.

## **FIFTH CAUSE OF ACTION**
### TENNESSEE CONSUMER PROTECTION ACT

104.     Defendants hereby incorporate their responses to paragraphs 1 through 103 of Plaintiff's First Amended Complaint as if recited verbatim herein.

105.     As to Saddler Defendants, the allegations contained in paragraph 105 of Plaintiff's First Amended Complaint are denied.

106.     As to Saddler Defendants, the allegations contained in paragraph 106 of Plaintiff's First Amended Complaint are denied.

107.     As to Saddler Defendants, the allegations contained in paragraph 107 of Plaintiff's First Amended Complaint are denied.

108.     As to Saddler Defendants, the allegations contained in paragraph 108 of Plaintiff's First Amended Complaint are denied.

## **SIXTH CAUSE OF ACTION**
### BREACH OF FIDUCIARY DUTY

109.     Defendants hereby incorporate their responses to paragraphs 1 through 108 of Plaintiff's First Amended Complaint as if recited verbatim herein.

110.     As to Saddler Defendants, the allegations contained in paragraph 110 of Plaintiff's First Amended Complaint are denied.

111.     As to Saddler Defendants, the allegations contained in paragraph 111 of Plaintiff's First Amended Complaint are denied.

112.     As to Saddler Defendants, the allegations contained in paragraph 112 of Plaintiff's First Amended Complaint are denied.

113.    As to Saddler Defendants, the allegations contained in paragraph 113 of Plaintiff's First Amended Complaint are denied.

114.    As to Saddler Defendants, the allegations contained in paragraph 114 of Plaintiff's First Amended Complaint are denied as stated.

115.    The allegations contained in paragraph 115 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

116.    As to Saddler Defendants, the allegations contained in paragraph 116 of Plaintiff's First Amended Complaint are denied.

117.    As to Saddler Defendants, the allegations contained in paragraph 117 of Plaintiff's First Amended Complaint are denied.

118.    As to Saddler Defendants, the allegations contained in paragraph 118 of Plaintiff's First Amended Complaint are denied.

119.    The allegations contained in paragraph 119 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

120.    The allegations contained in paragraph 120 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

121.    The allegations contained in paragraph 121 of Plaintiff's First Amended Complaint are not directed to these Defendants and require no response of these Defendants.

122.    The allegations contained in paragraph 122 of Plaintiff's First Amended Complaint are denied.

123.    Denied.

124.    Denied.

## SEVENTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

125.     Defendants hereby incorporate their responses to paragraphs 1 through 124 of Plaintiff's First Amended Complaint as if recited verbatim herein.

126.     As to Saddler Defendants, the allegations contained in paragraph 126 of Plaintiff's First Amended Complaint are denied.

127.     As to Saddler Defendants, the allegations contained in paragraph 127 of Plaintiff's First Amended Complaint are denied.

128.     As to Saddler Defendants, the allegations contained in paragraph 128 of Plaintiff's First Amended Complaint are denied.

129.     As to Saddler Defendants, the allegations contained in paragraph 129 of Plaintiff's First Amended Complaint are denied.

130.     As to Saddler Defendants, the allegations contained in paragraph 130 of Plaintiff's First Amended Complaint are denied.

131.     As to Saddler Defendants, the allegations contained in paragraph 131 of Plaintiff's First Amended Complaint are denied.

## EIGHTH CAUSE OF ACTION
### NEGLIGENCE

132.     Defendants hereby incorporate their responses to paragraphs 1 through 131 of Plaintiff's First Amended Complaint as if recited verbatim herein.

133.     As to Saddler Defendants, the allegations contained in paragraph 133 of Plaintiff's First Amended Complaint are denied.

134.    It is denied that the allegations contained in paragraph 134 of Plaintiff's First Amended Complaint correctly state the duty owed by Saddler Defendants and therefore, these allegations are denied.

135.    As to Saddler Defendants, the allegations contained in paragraph 135 of Plaintiff's First Amended Complaint are denied.

136.    As to Saddler Defendants, the allegations contained in paragraph 136 of Plaintiff's First Amended Complaint are denied.

137.    As to Saddler Defendants, the allegations contained in paragraph 137 of Plaintiff's First Amended Complaint are denied.

138.    As to Saddler Defendants, the allegations contained in paragraph 138 of Plaintiff's First Amended Complaint are denied.

139.    As to Saddler Defendants, the allegations contained in paragraph 139 of Plaintiff's First Amended Complaint are denied.

## **NINTH CAUSE OF ACTION**
MISHANDLING OF REMAINS/INTERFERENCE WITH DEAD BODIES

140.    Defendants hereby incorporate their responses to paragraphs 1 through 139 of Plaintiff's First Amended Complaint as if recited verbatim herein.

141.    As to Saddler Defendants, the allegations contained in paragraph 141 of Plaintiff's First Amended Complaint are denied.

142.    As to Saddler Defendants, the allegations contained in paragraph 142 of Plaintiff's First Amended Complaint are denied.

143.    As to Saddler Defendants, the allegations contained in paragraph 143 of Plaintiff's First Amended Complaint are denied.

144. As to Saddler Defendants, the allegations contained in paragraph 144 of Plaintiff's First Amended Complaint are denied.

145. As to Saddler Defendants, the allegations contained in paragraph 145 of Plaintiff's First Amended Complaint are denied.

146. As to Saddler Defendants, the allegations contained in paragraph 146 of Plaintiff's First Amended Complaint are denied.

147. As to Saddler Defendants, the allegations contained in paragraph 147 of Plaintiff's First Amended Complaint are denied.

148. As to Saddler Defendants, the allegations contained in paragraph 148 of Plaintiff's First Amended Complaint are denied.

149. The remaining paragraphs contained in Plaintiff's First Amended Complaint appear to be mere prayers for relief to which no response is required of these Defendants.

## AFFIRMATIVE DEFENSES

150. Plaintiff's complaint fails to state a claim for which relief may be granted.

151. Defendants aver that Plaintiff is not entitled to any relief under 42 U.S.C. § 1981 because no contract existed between Plaintiff and Saddler Defendants.

152. Defendants aver that Plaintiff is not entitled to any relief under 42 U.S.C. § 1981 because Defendants were unaware of the race and national origin of Plaintiff or Freddy Hernandez. Defendants further deny any and all allegations that Saddler Defendants discriminated against Plaintiff or had any discriminatory motive or intent towards Plaintiff. Defendants aver Plaintiff's complaint fails to state the requisite standard for causation for a claim under 42 U.S.C. § 1981.

153.   Defendants deny any conspiracy existed among Saddler Defendants and Reid Van Ness or Defendant Nelson.  Furthermore, Defendants deny that any conspiracy existed between Saddler Defendants and Reid Van Ness for the purpose of depriving individuals of equal protection under the law.

154.   Defendants Saddler specifically deny that Saddler entered into a contract with Plaintiff or Plaintiff's agents.  Defendant further deny that Sadder entered into any contract with Reid Van Ness or that Plaintiff would be a third-party beneficiary to any such agreement. Defendants further deny that Plaintiff would have any right to enforce any agreement between Defendants and Reid Van Ness.

155.   Defendants deny that they had dominion or control over the remains of Freddy Hernandez.  Defendants further deny that they had any responsibility to ship his remains to Plaintiff.

156.   Defendants deny that a fiduciary or confidential relationship existed between Plaintiff and Saddler Defendants.

157.   Defendants deny that they made any representations whatsoever to Plaintiff.

158.   Defendants deny that they breached any duty of care to owed to the Plaintiff.

159.   To the extent the allegations contained in Plaintiff's First Amended Complaint are proven true, Saddler Defendants assert the comparative fault of Reid Van Ness and Nelson & Sons Funeral Chapel, LLC.

160.   It is denied that Plaintiff's alleged injuries and/or damages were approximately caused by any act or omission on the part of this Defendant.

161.   This Defendant pleads and relies upon the defenses and limitations set forth in the Tennessee Civil Justice Act of 2011, including but not limited to, the caps placed on damages

pursuant to Tennessee Code Annotated Sections 29-39-102, 29-39-104, and/or any other provisions relating to defenses, jury instructions and/or other limitations upon liability or damages contained in the act or elsewhere in Tennessee Law.

162.    Plaintiff has failed to state a claim upon which relief may be granted against these Defendants for punitive damages.  Further, these Defendants rely upon the protections, prohibitions and rights guaranteed to it by and through the 14th Amendment of the United States Constitution and the Due Process Provisions of the Tennessee Constitution.  The imposition of punitive damages is violative of due process and equal protection provided by the 14th Amendment of the United States Constitution.  An award of punitive damages based upon vicarious or joint and several judgments, the lack of reasonable limitation, the lack of specific and set standards, public policy, and/or with the potential to exceed the maximum criminal fines for similar conduct alleged are each a violation of the 5th and 14th Amendments of the United States Constitution.  It is denied that any act or omission of these Defendants was such, that it constitutes fault which was intentional, fraudulent, malicious, or reckless under the standards set forth in the State of Tennessee and must be proved a clear and convincing evidence.  These

163.    Defendants may demand bifurcation of the issue of punitive damages at trial should the claim not be dismissed.

164.    Any and all allegations contained in Plaintiff's Complaint which have not been heretofore admitted, denied or otherwise explained above, are hereby denied as if specifically denied above.

WHEREFORE, Defendants **SADDLER FUNERAL HOME AND CREMATORY SERVICES AND STEVIE SADDLER** deny that they are liable to Plaintiff for any amount,

respectfully requests it be dismissed from this lawsuit with costs taxed to the Plaintiff, or that they be granted such other and further relief as the Court deems appropriate.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: /s/ Christen C. Blackburn
    Christen C. Blackburn, BPR No. 27104
    Andrew N. Grams, BPR No. 18380
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    cblackburn@lewisthomason.com

*Attorneys for Defendants Stevie Saddler and Stevie Saddler d/b/a Saddler Saddler Funeral Home and Crematory Services*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ANSWER OF SADDLER FUNERAL HOME AND CREMATORY SERVICES AND STEVIE SADDLER TO PLAINTIFF'S FIRST AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail and email. Parties may access this filing through the Court's electronic filing system.

Andrew S. Lockert, Esq.,
Lockert Legal, LLC
112 Frey Street
Ashland City, TN 37015

John H. Morris, Esq.
Nashville Vanguard Law, PLLC
Parkway Towers, Suite 102
404 James Robertson Parkway
Nashville, TN 37219

Eric Lockert, Esq.
Lockert, Hamlin & Hamlin PLLC
112 Frey Street
Ashland City, TN 37015

Nelson and Sons Memorial Chapel, LLC
824 Lipscomb Street
Shelbyville, TN 37160

Reid Van Ness
420 Walton Lane, Unit J46
Madison, TN 37115

This the 21st day of April, 2021.

/s/ Christen C. Blackburn
Christen C. Blackburn